IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| **HAILEY JOHNSON and CHANNING JOHNSON,** | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | Civil No: 1:24-cv-1112-STA-jay ) ) |
| **UNITED STATES OF AMERICA,** | ) ) ) |
| Defendant. | ) ) ) ) |

**ORDER GRANTING MOTION TO DISMISS PLAINTIFF CHANNING JOHNSON WITHOUT PREJUDICE**

Plaintiffs Hailey Johnson and Channing Johnson filed this action under the Federal Tort Claims Act ("FTCA") in connection with a car accident. Plaintiff Hailey Johnson asserts clams of personal injury and lost wages while her husband, Plaintiff Channing Johnson, alleges loss of consortium claims. The United States has moved to dismiss Channing Johnson from the action on the ground that he failed to exhaust his administrative remedies prior to filing the lawsuit. (ECF No. 31.) Plaintiffs have not responded to the motion to dismiss, and the requisite time to do so has passed. For the reasons set forth below, the motion is **GRANTED**, and Channing Johnson is hereby dismissed from the action.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must assert enough facts to provide the defendant with "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation marks and citations omitted). A complaint "must also contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting

*Twombly*, 550 U.S. at 570). A complaint should be dismissed pursuant to Rule 12(b)(6) if there is no law to support the claims, if the alleged facts are insufficient to state a claim, or if an insurmountable bar to relief exists on the face of the complaint. *See Browning v. Pennerton*, 633 F.Supp.2d 415, 429 (E.D. Ky. Jun. 22, 2009) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978)). "When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff." *Drain v. Nicholson*, 2008 WL 123881, at *1 (S.D. Ohio Jan. 10, 2008). However, the Court "need not accept as true legal conclusions cast in the form of factual allegations if those conclusions cannot be plausibly drawn from the facts, as alleged." *O'Hair v. Winchester Police Dep't*, 2015 WL 4507181, at *2 (E.D. Ky. July 23, 2015).

The FTCA requires that a party exhaust his administrative remedies before bringing suit against the Government. Under 28 U.S.C. § 2675(a),

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

A failure to exhaust administrative remedies *before* filing a claim under the FTCA renders the claim subject to dismissal without prejudice under Rule 12(b)(6). *See, e.g., Powers v. United States*, 2019 WL 1424331, at *3 (E.D. Mich. Mar. 29, 2019) (finding that "[t]he Magistrate Judge correctly concluded that Plaintiff did not exhaust her administrative remedies pursuant to 28 U.S.C. § 2675(a) before filing her tort claim ... under the FTCA ... and the claim is therefore subject to dismissal without prejudice under Fed. R. Civ. P. 12(b)(6)"); *Foster v. FEMA*, 128 F. Supp. 3d

717, 729 (E.D.N.Y. 2015) (dismissing under Rule 12(b)(6) because neither the plaintiff nor the court found a case "in which a district court has permitted a plaintiff to proceed with an FTCA claim without exhausting administrative remedies"); *Smoke Shop, LLC v. United States*, 761 F.3d 779, 782 n.1 (7th Cir. 2014) (affirming dismissal of an FTCA claim for failure to exhaust under Rule 12(b)(6) rather than 12(b)(1), as the "administrative exhaustion requirement is better thought of as a condition precedent to the plaintiff's ability to prevail, not a jurisdictional rule") (citations and internal quotations omitted).

In the present case, Plaintiff Channing Johnson did not submit an administrative claim prior to the filing of this lawsuit (although the Government acknowledges that he submitted one *after* the filing of this lawsuit but the claim has not reached final disposition), and Hailey Johnson did not reference Channing Johnson in her administrative claim. Accordingly, the Government's motion to dismiss Plaintiff Channing Johnson from the action without prejudice is **GRANTED**.

IT IS SO ORDERED.

        s/ S. Thomas Anderson
        S. THOMAS ANDERSON
        UNITED STATES DISTRICT JUDGE

        Date: January 14, 2025