## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | | |
|---|---|---|
| **HAILEY JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No: 1:24-cv-1112-STA-jay** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs Hailey Johnson filed this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671-2680, in connection with a vehicle accident that also involved a federal employee. She alleges personal injury and lost wages as a result of the employee's negligence.[1] Plaintiff has filed a motion for summary judgment on the issue of liability and Defendant's affirmative defenses (ECF No. 55), Defendant has filed a response to the motion (ECF No 56), and Plaintiff has filed a reply to the response. (ECF No. 58.)  For the reasons set forth below, Plaintiff's motion is **DENIED**, and the matter will proceed to trial.

<u>Standard of Review</u>

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When deciding a motion for summary judgment, the Court must review all the

---

[1] Plaintiff's husband Channing Johnson alleged a loss of consortium claim but has been dismissed from the action because he failed to exhaust his administrative remedies prior to filing the lawsuit. (ECF No. 32.) It is undisputed that Plaintiff has exhausted her own administrative remedies.

evidence in the light most favorable to the non-moving party and must draw all reasonable inferences in favor of the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court "may not make credibility determinations or weigh the evidence." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014). When the motion is supported by documentary proof such as depositions and affidavits, the non-moving party must present some "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Eastham v. Chesapeake Appalachia, L.L.C.*, 754 F.3d 356, 360 (6th Cir. 2014The Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

<u>Statement of Undisputed Material Facts</u>

Pursuant to the Local Rules of this Court, Plaintiff has prepared a statement of material undisputed facts (ECF No. 55-4) "to assist the Court in ascertaining whether there are any material facts in dispute." Local Rule 56.1(a). Defendant has responded to Plaintiff's statement and has attached its own statement of facts. (ECF No. 56-1.) Plaintiff has responded to Defendant's statement of facts. (ECF No. 59.)

A fact is material if it "might affect the outcome of the lawsuit under the governing substantive law." *Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015) (citing *Wiley v. United States,* 20 F.3d 222, 224 (6th Cir. 1994), and *Anderson,* 477 U.S. at 247–48). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. For purposes of summary judgment, a party asserting that a material fact is not genuinely in dispute must cite to particular parts of the materials in the record and show that the materials fail to establish a genuine dispute or that the adverse party

2

has failed to produce admissible evidence to support a fact. Fed. R. Civ. P. 56(c)(1). Here, as the non-moving party, Defendant must respond to Plaintiff's statement of facts "by either (1) agreeing that the fact is undisputed; (2) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (3) demonstrating that the fact is disputed." Local Rule 56.1(b). Additionally, Defendant may "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

If Defendant asserts that a genuine dispute of material fact exists, it must support its contention with a "specific citation to the record." Local Rule 56.1(b). If a party fails to demonstrate that a fact is disputed or fails to address the opposing party's statement of facts properly, the Court will "consider the fact undisputed for purposes" of ruling on the motion. Fed. R. Civ. P. 56(e)(2); *see also* Local Rule 56.1(d) ("Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these rules shall indicate that the asserted facts are not disputed for purposes of summary judgment."). Under Rule 56 of the Federal Rules of Civil Procedure, the Court "need consider only the cited materials" but has discretion to "consider other materials in the record." Fed. R. Civ. P. 56(c)(3). In the present case, both parties object to certain portions of the opposing party's statement of facts. The Court finds that there is no genuine dispute as to the following material facts, unless otherwise noted.[2]

On February 14, 2023, Plaintiff Hailey Johnson, a schoolteacher, was on her way to work in Lexington, Tennessee. Plaintiff was traveling behind a truck driven by Matthew Kincaide

---

[2] The parties have not disputed some facts and state that other facts are disputed only for the purpose of the Court's deciding the motion for summary judgment. All facts are stated for the purpose of deciding this motion only.

which was owned by the United States Department of Agriculture. The truck had a small trailer behind it with a "4-Wheeler" loaded on it. Kincaide was acting within the scope of his employment at the time of the accident.

Just before the wreck, Kincaide turned on his left blinker as he approached the intersection of Highway 104 and Franklin Store Road.   Plaintiff slowed behind the truck and trailer as it was making its turn.

While Kincaide was turning, a third vehicle from the opposite direction driven by Ava Wood "topped the hill" and struck Defendant's trailer. Wood's vehicle then careened off and struck Plaintiff's vehicle head-on. Neither Kincaide's truck nor trailer struck Plaintiff's car.

Kincaide does not recall if he had ever "made the turn from Highway 104 North to the left turn on Franklin Store Road."   Kincaide had the responsibility to watch for oncoming traffic before turning. Kincaide testified that it is his normal practice to look for oncoming traffic before he turns, and he has no reason to believe he did not do that this time.   Kincaide did not see the oncoming car driven by Wood before he made his left turn onto Franklin Store Road. The turn is in excess of 90 degrees, almost like a U-turn, and "goes backwards almost."[3]

In a separate complaint filed on February 5, 2024, in the Circuit Court for Henderson County, Tennessee, Plaintiff alleged that "Ava Wood was operating her Toyota motor vehicle southbound on State Route 104 at an unsafe speed." *Johnson v. Wood et al.*, Case No. 240050-3, Henderson County Circuit Court. (ECF No. 56-4.) Plaintiff further alleged that Ava Wood ran into

---

[3] Plaintiff does not dispute this fact but argues that Defendant cannot submit evidence of road design defect because that is an affirmative defense not raised by Defendant in its answer. To the contrary, Defendant raised this defense in its amended answer. (Amd. Ans. p. 14, para. 14, ECF No. 15.) Defendant also raised the issue of the comparative fault of Ava Wood and her parents in its amended answer. (*Id.* at p. 13, para. 13.)

4

Kincaide's trailer "[d]ue to Defendant Ava Wood's high rate of speed[.]" (*Id.* at ¶ 12.) Ava Wood allegedly failed to stay in her lane of travel, failed to stay in control of her vehicle, failed to watch where she was going, and failed to operate her vehicle at a safe speed. (*Id.* at ¶¶ 19, 22, 24, 26.) Plaintiff further alleged that "Defendant Ava Wood is 100% responsible for causing the collision described herein. (*Id.* at ¶ 29.) As of August 25, 2025, that lawsuit is still active. (State Court Docket Report, ECF No. 56-5.)

<u>Analysis</u>

Plaintiff alleges that Kincaide was negligent in various ways that caused the collusion of her vehicle with the vehicle of Ava Wood and the collusion resulted in her injuries. She contends that Defendant United States is vicariously liable to Plaintiff for the negligent acts and/or omissions of Kincaide pursuant to respondeat superior because Kincaide was acting within the course and scope of his employment with the United States of America at the time of the collision.

Under the FTCA, suits for government negligence may be brought only in federal court, and liability attaches only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Williams v. United States*, 754 F. Supp. 2d 942, 948 (W.D. Tenn. 2010) (quoting 28 U.S.C. § 1346(b)(1).) The law of the state where the alleged negligent act or omission occurred determines the Government's liability under the FTCA. *Id.* (citing *Molzof v. United States*, 502 U.S. 301, 305 (1992)). In this case, because the allegedly negligent acts giving rise to Plaintiff's claim occurred in Tennessee, Tennessee substantive law applies.

Under Tennessee law,

The plaintiff in an action for negligence, which is generally defined as the failure to exercise reasonable care, must establish five essential elements: "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of

5

care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." *Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 364 (Tenn. 2009) (quoting *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995)). The element of duty "is the legal obligation of a defendant to conform to a reasonable person's standard of care in order to protect against unreasonable risks of harm." *Id.* (citations omitted). "'[T]he imposition of a legal duty reflects society's contemporary policies and social requirements concerning the right of individuals and the general public to be protected from another's act or conduct.'" *Id.* at 365 (quoting *Bradshaw v. Daniel*, 854 S.W.2d 865, 870 (Tenn. 1993)). The question of whether the defendant owes the plaintiff a duty of care generally is a question of law to be determined by the courts. *Id.*

The question of whether a defendant breached the duty of care, on the other hand, generally is a question of fact for the finder of fact. *Hardeman Cnty. v. McIntyre*, 420 S.W.3d 742, 747 (Tenn. Ct. App. 2013). The assessment of the amount of damages and the apportionment of fault also are issues generally to be resolved by the finder of fact. *Meals ex rel. Meals v. Ford Motor Co.*, 417 S.W.3d 414, 419 (Tenn. 2013) (citations omitted); *Wilson v. Pickens*, 196 S.W.3d 138, 143 (Tenn. Ct. App. 2005) (citation omitted). Cause in fact and proximate causation likewise are questions to be determined by the finder of fact. *Haynes v. Hamilton Cnty.*, 883 S.W.2d 606, 612 (Tenn. 1994).

*Eden W. ex rel. Evans v. Tarr*, 517 S.W.3d 691, 695–96 (Tenn. Ct. App. 2015).

The Tennessee Supreme Court has "defined duty of care to be the legal obligation owed by defendant to plaintiff to conform to a reasonable person standard of care for protection against unreasonable risks of harm." *Trammell v. Peoples*, 2017 WL 4541771, at *5 (Tenn. Ct. App. Oct. 11, 2017) (citations omitted). "Assuming a duty is owed, it must be determined whether defendant has exercised reasonable care under the circumstances. If defendant has not, the duty has been breached." *Id.* (citing *McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d 891, 894–95 (Tenn. 1996)). Tennessee Code Annotated § 55–8–136(b) sets out a driver's duty of care as follows:

Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver of a vehicle shall exercise due care by operating the vehicle at a safe speed, by maintaining a safe lookout, by keeping the vehicle under proper control and by devoting full time and attention to operating the vehicle, under the existing circumstances as necessary in order to be able to see and to avoid endangering life, limb or property and to see and avoid colliding with any other vehicle or person, or any road sign, guard rail or any fixed object either legally

6

using or legally parked or legally placed, upon any roadway, within or beside the roadway right-of-way including, but not limited to, any adjacent sidewalk, bicycle lane, shoulder or berm.

The mere fact that an accident occurred does not necessarily mean that a defendant breached his duty of care or was negligent. *See Hurst v. City of Morristown*, 2025 WL 1879245, at *4 (Tenn. Ct. App. July 8, 2025).

In the present case, there are clearly too many disputed issues of fact as to whether Kincaide breached his duty of care to Plaintiff and, if so, whether that breach caused Plaintiff's injuries. Notably, Defendant has pointed to disputed issues of fact as to the speed of Ava Wood as she topped the hill and collided with the trailer being pulled by Kincaide; whether her actions were the proximate cause of the collision with Plaintiff's vehicle or, at least, were a factor in the collision and, if so, to what extent; whether the design of the roadway was a factor in the accident and, if so, to what extent; and whether the manner in which Kincaide completed his left turn was negligent. Defendant has pointed to evidence from which the Court, as factfinder, could find that Kincaide's view was obstructed by the hill, and the deep, almost U-turn-like left turn, meant that he could not see Ava Wood coming from the opposite direction.[4] The Court could also find at trial that, despite Kincaide operating his vehicle with reasonable care, the obstructed view from Highway 104 N at Franklin Store Road meant that the accident under the circumstances was unavoidable and Kincaide was not at fault. In other words, the Court, as factfinder, could find after hearing the testimony and other evidence at trial that the accident was caused, at least in part, by the actions of Ava Wood and/or the road design.

On the other hand, the Court could find that, instead of going all the way to the top of the

---

[4] This list is not meant to be exhaustive.

hill where he had a clear view, Kincaide merged into the oncoming lane and, regardless of the speed of the vehicle of Ava Wood, caused the collision. That is, had he not started his turn too early and proceeded to the top of the hill as he is supposed to, he would have been able to see the oncoming traffic approaching him from the other side of the hill.

Considering the evidence in the light most favorable to Defendant and drawing all reasonable inferences in favor of Defendant, the Court finds Plaintiff's motion for partial summary judgment must be **DENIED**.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:   October 2, 2025.